# IN THE COURT OF APPEALS OF IOWA

No. 13-1924
Filed February 11, 2015

**STEVEN D. MCGINNIS,**
Applicant-Appellant,

**vs.**

**STATE OF IOWA,**
Respondent-Appellee.
_____

Appeal from the Iowa District Court for Marion County, Bradley McCall, Judge.

Steven McGinnis appeals the district court's ruling denying his application for postconviction relief. **AFFIRMED.**

Tabitha L. Turner of Turner Law Firm, P.L.L.C., Des Moines, for appellant.

Thomas J. Miller, Attorney General, Linda J. Hines, Assistant Attorney General, Edward W. Bull, County Attorney, and Tiffany J. Kragnes, Assistant County Attorney, for appellee.

Considered by Danilson, C.J., and Vogel and Bower, JJ.

**BOWER, J.**

On direct appeal, this court affirmed Steven McGinnis's conviction, following a jury trial, of first-degree murder. *See State v. McGinnis*, No. 09-1730, 2011 WL 649674, at *5-8 (Iowa Ct. App. Feb. 23, 2011) (discussing the defense strategy of claiming McGinnis, a veteran, was suffering from an episode of posttraumatic stress disorder (PTSD) at the time of the shooting). McGinnis sought postconviction relief (PCR) and now appeals the district court's denial of his application.

On appeal, McGinnis claims the district court erred in failing to rule his trial counsel was ineffective in (1) failing to allow him to testify at trial, (2) failing to seek a continuance, (3) failing to seek a change of venue, (4) failing to have a medical expert independently evaluate him prior to trial, and (5) failing to conduct an appropriate investigation for defense witnesses. The postconviction court addressed and rejected each of these claims in a thorough, well-written, and detailed decision. We affirm without further analysis under Iowa Court Rule 21.26(1)(d) and (e).

Second, McGinnis further claims PCR counsel was ineffective for "failing to ask the ultimate question" of the psychiatrist who testified during the PCR hearing. McGinnis finds fault with PCR counsel's failure to ask whether McGinnis was able to form the specific intent to commit murder at the time of the crime due to his PTSD. To prevail on this claim, McGinnis must prove by a preponderance of the evidence that PCR counsel failed to perform an essential duty and prejudice resulted. *See Ledezma v. State*, 626 N.W.2d 134, 142 (Iowa 2001). We do not have enough information to address whether PCR counsel's performance

breached an essential duty, given we have no record as to PCR counsel's communications with the psychiatrist prior to the PCR hearing and/or no record of PCR counsel's strategy. *See State v. Bentley*, 757 N.W.2d 257, 264 (Iowa 2008) ("Even a lawyer is entitled to his day in court, especially when his professional reputation is impugned."); *Brewer v. State*, 444 N.W.2d 77, 83 (Iowa 1989) ("[W]e will not reverse where counsel has made a reasonable decision concerning trial tactics and strategy, even if such judgments ultimately fail."). Therefore, we preserve this specific claim as to PCR counsel's performance for possible postconviction-relief proceedings, where a more complete record may be established. *See State v. Straw*, 709 N.W.2d 128, 133 (Iowa 2006). We affirm the district court's denial of his PCR application.

**AFFIRMED.**